UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN W. FINK,<br><br>       Plaintiff,<br><br>-against-<br><br>JONATHAN L. BISHOP; KAYDON A. STANZIONE; JOSEPH M. TROUPE; STEVEN W. DAVIS; SUEZ WTS USA, INC.; STEVEN W. DAVIS; ADT, INC.; EDGELINK, INC.; PRAXIS TECHNOLOGIES CORPORATION; PRAXIS TECHNOLOGIES, INC.; J. PHILIP KIRCHNER; FLASTER/GREENBERG, P.C.,<br><br>       Defendants. | 20-CV-10533 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff filed this action *pro se*. On December 17, 2020, the Court transferred the matter to the United States District Court for the District of New Jersey. (ECF No. 3.) On December 23, 2020, the Court received from Plaintiff a letter requesting that the Court reconsider its December 17, 2020 order. (ECF No. 4.) Because this Court no longer has jurisdiction over the action, Plaintiff must make any motion challenging the transfer order in the District of New Jersey.

## DISCUSSION

  The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995).

The Court directed that this matter be transferred to the District of New Jersey on December 17, 2020, and the Clerk of Court electronically transferred the case to the District of New Jersey on the same date. Plaintiff filed the letter seeking reconsideration approximately one week later. Because this Court no longer has jurisdiction over the action, if Plaintiff wishes to challenge the transfer, he must do so in the District of New Jersey. The Court denies Plaintiff's request for reconsideration of the order transferring this action.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's request for reconsideration (ECF No. 4) is denied. All other pending matters are terminated. The Clerk of Court is also directed not to accept any further submissions under this docket number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 30, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge